UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BENNETT, #239799

    Petitioner,

                                       Civil No: 2:06-13730
                                       Honorable Denise Page Hood
                                       Magistrate Judge Donald A. Scheer

v.

CAROL HOWES,

    Respondent.
_____

**OPINION & ORDER GRANTING MOTION FOR STAY & ABEYANCE**

**I.  Introduction**

This is a habeas corpus matter.  Petitioner was convicted of two counts of first degree criminal sexual conduct and one count of second degree criminal sexual conduct.  He is presently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan.  This case is before the Court on Petitioner's "Motion for Stay and Abeyance."  For the reasons set forth below, the Court grants Petitioner's request.

**II. Procedural History**

After Petitioner's conviction, he filed a timely claim of appeal in the Michigan Court of Appeals at which time he made the following challenges: (1) his twenty to forty year term of imprisonment which was imposed at re-sentencing was not proportionate in light of his age, health challenges, lack of prior record, and absence of any physical harm to any one; (2) the law of the case doctrine precluded the successor sentencing court from reconsidering and re-scoring the guidelines; (3) on remand the successor court should not have re-scored the guidelines at his re-sentencing; (4)

the original trial judge's calculation of Petitioner's sentence should not have been changed; (5) the sentencing court erred by failing to review the trial transcripts before imposing sentence; (6) Petitioner was placed in double jeopardy when the prosecutor presented evidence of uncharged criminal sexual conduct offenses; (7) the trial court erred in its failure to sequester prosecution witnesses; (8) Petitioner was subjected to prosecutorial misconduct when improper comments were allegedly made to the jury regarding Petitioner's right to testify and his right to remain silent; and (9) Petitioner did not receive effective assistance of counsel when his attorney advised him to testify at the sentencing hearing. Petitioner's conviction was affirmed. *People v. Bennett,* No. 231256, 2003 WL 2008206 (Mich. Ct. App. May 1, 2003)(per curiam).

Subsequent to the Court of Appeals' affirmation of Petitioner's conviction, he filed an untimely application for leave to appeal with the Michigan Supreme Court, as it was filed beyond the fifty-six (56) day time limitation permitted under MCR 7.302(2) and MCR 7.302(3).[1] Within Petitioner's application for leave to appeal to the Michigan Supreme Court, he raised the same issues as those reviewed by the Michigan Court of Appeals, but also added an additional ground of ineffective assistance of counsel (the attorney's failure to raise a jurisdictional issue). Petitioner also asserted that the trial court erred by: (1) denying his motion to disqualify the trial judge; (2) its decision relative to proper venue for the trial; and (3) its decision to impanel jurors from within "the Detroit Recorder's Court venue."

On September 21, 2004, Petitioner filed a motion for relief from judgment at which time he raised the sole issue of whether he is entitled to be re-sentenced under the retro-active change in the

---

[1]Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected as untimely on July 2, 2003 which was six (6) days after the fifty-six (56) day time limitation.

law exception under *Apprendi v. New Jersey,* 530 U.S. 466 (2000) due to the decision in *Blakely v. Washington,* 542 U.S. 296 (2004). Relief was denied on April 6, 2005; and Petitioner filed an appeal to the Michigan Court of Appeals from the order denying his motion for relief from judgment. On April 21, 2006 his appeal was denied. Petitioner then filed an application for leave with the Michigan Supreme Court on May 12, 2006. On October 31, 2006, his application was denied.[2] The fact that Petitioner filed his habeas petition before the Michigan Supreme Court's decision relative to this matter prompted the filing of Petitioner's "Motion for Stay and Abeyance." He asserts that the reason for filing his habeas petition prematurely was due to his concern for filing the petition beyond the statute of limitations period.

Within the habeas petition presently before the Court, Petitioner raises all of the issues that were presented in his appeal of right, the application for leave to appeal which was rejected by the Michigan Supreme Court, and within his motion for relief from judgement. Even though the Michigan Supreme Court has ruled on Petitioner's most recent application, which could possibly moot the stay motion presently before the Court, it will nonetheless review Petitioner's request on the merits as there are other issues that were not raised at all levels of the Michigan courts which establishes a basis for potentially holding this habeas petition in abeyance.

### III. Discussion

#### A. Failure to Exhaust

A federal court may not grant habeas corpus relief unless the petitioner has exhausted all

---

[2] Petitioner filed his habeas petition with this Court on August 22, 2006 which was before a decision was rendered by the Michigan Supreme Court relative to his application for leave to appeal as to the issue presented in his motion for relief from judgment.

3

available state remedies or demonstrated their inadequacies. *28 U.S.C. § 2254(b)*; *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."); see also *Hannah v. Conley*, 49 F.3d 1193 (6th Cir.1995). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See 28 U.S.C. § 2254(d)*. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is premised on the principle of comity. "[T]he state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844. The Supreme Court further opined: "This rule of comity reduces friction between the state and federal court systems by avoiding the "unseem [liness]" of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation." *Id.* "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." *§ 2254(c)*; *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir.1979) (holding that the exhaustion requirement applies to remedies still open to the habeas applicant at the time of the filing of the petition). The burden is on the petitioner to

4

demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). Further, a federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

In the present case, as discussed above, the Michigan Court of Appeals has reviewed all but the following issues: (1) whether Petitioner received ineffective assistance of counsel for the attorney's failure to raise a jurisdictional issue; (2) whether the trial court erred by denying his motion to disqualify the trial judge and by the process used to impanel jurors; and (3) whether Petitioner should be re-sentenced under *Blakely* and *Apprendi*. The Michigan Supreme Court has not reviewed any of the above stated claims with the exception of the re-sentencing *Blakely* and *Apprendi* issue. Therefore, neither the Michigan Court of Appeals or the Michigan Supreme Court have had an opportunity to complete its review of **_all_** claims that have been presented by Petitioner in his habeas petition. In light of this fact and because of Petitioner's legitimate statute of limitations concern discussed below, the Court will continue its analysis of whether to stay this matter.

### B. Limitations Period

Because the habeas petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir.2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas

5

corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*28 U.S.C. § 2244(d)(1) and (2)*.

In the present case, Petitioner correctly believed that his opportunity in which to file a timely habeas corpus petition would be time barred if he waited for the Michigan Supreme Court to render a decision on his application for leave to appeal. The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *See Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003). In this case there are two statute of limitation issues. First, after Petitioner's appeal of right was denied, his limitations period began to run ninety (90) days after June 26, 2003 because he did not file a timely application for leave to appeal with the Michigan Supreme Court. *See id.* Therefore, the statute of limitations period began to run on September 24, 2003, with a one year expiration date of September 24, 2004. Petitioner filed his motion for relief from judgment on September 21, 2004, which tolled the running of the

statute. Therefore, Petitioner's statutory period ran from September 24, 2003 until September 21, 2004, which left 3 days on Petitioner's limitations period in which to seek habeas relief following the resolution of his application for leave to appeal to the Michigan Supreme Court.

Second, Petitioner filed the motion for relief from judgment to stop the habeas limitation period time clock; and he timely proceeded through the appellate process. However, only one issue regarding his re-sentencing was presented as opposed to the nine (9) issues raised during Petitioner's appeal of right. Furthermore, since a decision was rendered by the Michigan Supreme Court on October 31, 2006 relative to his motion for relief from judgment, the limitations period did not begin to run again until ninety (90) days after the Michigan Supreme Court's decision on Petitioner's collateral motion, which would begin the limitations period on January 29, 2007. Therefore, Petitioner would have had until January 29, 2008 to seek habeas relief relative to this particular re-sentencing issue only. Despite that fact, as previously stated, Petitioner has presented several issues in his habeas petition that were not raised at certain levels of the state appellate process. This fact relates back to the three (3) days left on Petitioner's initial habeas limitation period. Based upon the discussion below, the Court finds that a stay is an appropriate remedy in this matter.

**C. Stay of Proceedings**

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court stated that a district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible with AEDPA's purposes." 544 U.S. at 276. The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003), and *Duncan v. Walker*, 533 U.S. 167, 179 (2001)). In addition,

7

the AEDPA's statute of limitations tolling provision was intended to "reinforce [ ] the importance of *Lundy's* "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). The Court went on to state:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.... For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims ""are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277. "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Federal courts have yet to achieve a consensus on what constitutes good cause within the meaning of *Rhines v. Weber* for failing to exhaust state court remedies. Various courts have adopted the standard for cause applicable to procedural defaults which requires that some "objective factor external to the defense" made it impossible to bring the claim earlier in the state court proceedings

as required by *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). Others, such as *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir.2005), and the remanded *Rhines v. Weber*, 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005) concluded that good cause did not require a showing of "extraordinary circumstances."

Another court to discuss the standard of good cause under *Rhines* was the Eastern District of Pennsylvania. That court concluded that the good cause standard falls somewhere between the "lower threshold of unfairness," and the "higher standard of extraordinary circumstances, necessary for equitable tolling in capital cases." See *Baker v. Horn*, 383 F.Supp.2d 720, 747 (E.D.Pa.2005). Case law in this district prior to the *Rhines* decision held that in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. See *Sitto v. Bock*, 207 F.Supp.2d 668, 676 (E.D.Mich.2002); *Hudson v. Martin*, 68 F.Supp.2d 798, 800 (E.D.Mich.1999).

Petitioner states that his application for leave to appeal was not filed more expeditiously with the Michigan Supreme Court because of a combination of two problems: (1) the delay in receiving information from his attorney regarding the status of his appeal with the Michigan Court of Appeals; and (2) multiple Michigan Department of Corrections' mail room errors. Petitioner details at length the chronology of events leading up to the reason his application for leave to appeal was received by the Michigan Supreme Court six (6) days after the filing deadline.[3]

A review of Petitioner's procedural history and his recitation of the issues he was confronted with in his effort to timely file his application for leave to appeal with the Michigan Supreme Court

---

[3]See *"Motion for Leave to File a Pleading after Expiration of the Time"* ("Exhibit Page 36" of Habeas Petition); see also *Appendix G of Habeas Petition, pp. 14-19.*

9

indicates his diligence throughout the majority of the litigation of this matter. However, Petitioner fails to address the issue of why it took him three (3) days shy of one year to file his motion for relief from judgment and that once it was filed, why only one issue was raised as opposed to the multiple claims that had previously been reviewed by the Michigan Court of Appeals. Nonetheless, the Court finds that Petitioner would not have been placed in the position of needing to file a motion for post-judgment relief in an effort to salvage his habeas claims, if his application for leave to appeal would have been properly processed, mailed and filed. Thus, the Court finds that Petitioner has asserted good cause for any delays during the litigation of this case.

In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. See *Rhines*, 544 U.S. at 277-78. Therefore, the Court will stay further proceedings in this matter pending Petitioner's exhaustion of his state appellate proceedings.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. See *Palmer v. Carlton,* 276 F.3d 777, 781 (6th Cir. 2002). After Petitioner receives a ruling from the Michigan Supreme Court relative to all of the issues presented in his habeas petition, he must either appeal to the United States Supreme Court within ninety days of the Michigan Supreme Court order or ask this Court to lift the stay. *See id.*; *Abela v. Martin,* 348 F.3d 164, 170 (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final

judgment on that application"). In any event, Petitioner must ask this Court to lift the stay within sixty (60) days of exhausting his state court remedies. *Id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's "Motion for Stay and Abeyance" [Doc. #3, filed August 22, 2006] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner may file a post-conviction motion for relief from judgment with the state court within sixty (60) days of receipt of this Court's order. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

**IT IS FURTHER ORDERED** that if the Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.

**IT IS FURTHER ORDERED** that this case shall then be **HELD IN ABEYANCE** pending the Petitioner's exhaustion of the claims.

**IT IS FURTHER ORDERED** that Petitioner shall file a motion to lift the stay and that the Petitioner shall re-file a habeas petition within sixty (60) days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

**IT IS FURTHER ORDERED** that to avoid administrative difficulties, the Clerk of Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case.


s/ DENISE PAGE HOOD

DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE


DATED: March 30, 2007


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager